# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| Jeffrey Wayne Walker, | ) |
|                  Plaintiff, | ) Civil Action No.: 5:19-cv-01824-JMC |
| v. | ) **ORDER** |
| Major Anderson and Captain Wells, | ) |
|                  Defendants. | ) |

Plaintiff Jeffrey Wayne Walker, proceeding pro se and in forma pauperis, filed this civil rights action seeking to recover damages pursuant to 42 U.S.C. § 1983. (*See* ECF Nos. 1, 16, 18.)

This matter is before the court upon review of the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 68), filed on January 3, 2020, recommending that Major Anderson's Motion to Dismiss or, *in the alternative*, for Summary Judgment (ECF No. 29) be granted, and Captain Wells' Motion to Dismiss or, *in the alternative*, for Summary Judgment (ECF No. 50) be granted.

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court, which has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made. *Diamond v. Colonial Life and Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

The parties were advised of their right to file objections to the Report. (ECF No. 68-1.)

1

None of the parties filed objections to the Report.

In the absence of objections to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985).

After a thorough review of the Report and the record in this case, the court finds the Report provides an accurate summary of the facts and law and does not contain clear error. Therefore, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 68), **GRANTS** Major Anderson's Motion to Dismiss (ECF No. 29), **GRANTS** Captain Wells' Motion to Dismiss (ECF No. 50), and **DISMISSES** Plaintiff's Amended Complaint (ECF Nos. 1, 16, 18) with prejudice.[1]

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

February 3, 2020
Columbia, South Carolina

---

[1] While the Defendants moved for dismissal or, in the alternative, summary judgment, the summary judgment portion of their Motions are denied as moot as the Motions to Dismiss are granted for the reasons set forth above. Furthermore, while dismissal with prejudice was not specifically recommended in the Report and Recommendation (ECF No. 68), it is clear that Plaintiff cannot state a claim even if given leave to amend his Complaint, warranting dismissal with prejudice.